IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

March 30, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| TIMOTHY V. BOWLING, | ) | E1998-00820-COA-R3-CV |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | |
| | ) | APPEAL AS OF RIGHT FROM THE |
| v. | ) | JOHNSON CITY LAW COURT |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| LORI GOFF, BECKY WEST, and THE | ) | |
| JOHNSON CITY POLICE DEPARTMENT | ) | |
| | ) | HONORABLE LEWIS W. MAY, |
| Defendants-Appellees. | ) | JUDGE |

For Appellant

TIMOTHY V. BOWLING, Pro Se
Mountain City, Tennessee

For Appellees

K. ERICKSON HERRIN
Herrin, Booze & Rambo
Johnson City, Tennessee

O P I N I O N

AFFIRMED AND REMANDED                                      Susano, J.

The plaintiff, Timothy V. Bowling, filed a complaint in this action on January 16, 1998. His pleading, filed *pro se*, is entitled "Complaint for Civil Rights Violation," and seeks damages against two police officers of the Johnson City Police Department. The Department is also sued. The complaint is based upon the plaintiff's arrest for domestic violence, an arrest made by the individual defendants on March 16, 1993. It seeks money damages for violations of the plaintiff's civil rights. In the words of the complaint, it seeks to invoke civil rights "[t]hat are indeed protected by both the United States Constitution, as well as the Tennessee Constitution." The trial court dismissed the complaint because it found that the complaint was filed more than one year after the plaintiff's arrest. We affirm.

The plaintiff's complaint in the instant action comes too late. To sustain its viability, the plaintiff points to a complaint ("the first complaint") filed by him against the same defendants based on the same arrest, which complaint was filed on December 13, 1994. The first complaint -- which also sought money damages -- makes absolutely no references to any civil rights or constitutional violations. The first complaint was dismissed by voluntary nonsuit on January 17, 1997.[1] The first complaint and the instant complaint allege totally different causes of action. The first complaint seems to allege malicious prosecution and/or false imprisonment; while the complaint in the instant action alleges what amounts to a 42 U.S.C.A. § 1983 violation. Therefore, the plaintiff cannot rely upon the first

---

[1]The complaint in the instant case was filed within one year of the voluntary nonsuit; however, since the gravamen of the present claim is different from that of the first complaint, the savings statute T.C.A. § 28-1-105, is not implicated.

2

complaint to toll the statute of limitations as it pertains to an alleged violation of his civil rights or other constitutional guarantees.[2]

The plaintiff had one year within which to pursue the claims presently before us. *See* T.C.A. § 28-3-104(a)(3). *See also* 29-20-305(b) (Supp. 1999). He did not file within the prescribed period of time. Accordingly, his claim is barred.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant. This case is remanded for collection of costs, pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
D. Michael Swiney, J.

---

[2]This case is different from *Energy Saving Products, inc. v. Carney*, 737 S.W.2d 783 (Tenn.Ct.App. 1987). In that case, the cause of action attempted to be asserted in the second suit was "not time-barred at the time of [the first suit's] voluntary dismissal." *Id.* at 784. This fact was crucial to our holding in *Energy Saving Products, Inc.* that the second suit was not time-barred. In the instant case, the plaintiff's § 1983 action was time-barred when the first suit was dismissed.